IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**COREY E. JOHNSON,**

    Petitioner,

v.                                                                                            Civil Action No. **3:12cv608**

**M. VARGO,**

    Respondent.

**MEMORANDUM OPINION**

By Memorandum Opinion and Order entered September 26, 2012, the Court dismissed Johnson's successive, unauthorized 28 U.S.C. § 2254 petition ("§ 2254 Petition"). On October 3, 2012, the Court received Johnson's Motion to Amend Judgment (Docket No. 5). Because Johnson submitted this motion within twenty-eight days of the entry of the September 26, 2012 Order, the Court construes it as a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). Fed. R. Civ. P. 59(e).

The Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (*citing Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Johnson argues that the Court exercised jurisdiction over the action when it docketed his initial filing and he "filed a habeas corpus petition only after being encouraged by the Court to do so." (Mot. Amend. Judgment 2 (capitalization corrected) ). Apparently, Johnson only wished to have counsel appointed to re-litigate matters in his previously dismissed habeas

action. To the extent Johnson seeks relief under Rule 59(e), he fails to state a viable basis for such relief. Accordingly, Johnson's motion (Docket No. 5) will be DENIED.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Johnson is entitled to further consideration in this matter. A certificate of appealability will therefore be DENIED.

An appropriate Order shall issue.

Date: Nov. 20, 2012
Richmond, Virginia

/s/
Henry E. Hudson
United States District Judge